United States District Court
For the Northern District of California

1
2
3          UNITED STATES DISTRICT COURT
4          NORTHERN DISTRICT OF CALIFORNIA
5

6   LISA FIDLER, individually, as heir )   No. C-04-1404 SC
    and mother of ANGELA DAVENPORT      )
7   RAMIREZ, Decedent, and RITO H.      )
    RAMIREZ, as heir and father of      )   ORDER DENYING
8   ANGELA DAVENPORT RAMIREZ, Decedent,)    DEFENDANTS' MOTION
                                        )   FOR SUMMARY JUDGMENT
9              Plaintiffs,              )
                                        )
10       v.                             )
                                        )
11  SAN MATEO COUNTY SHERIFF'S OFFICE,  )
    et al.,                             )
12                                      )
               Defendants.              )
13  _____)

14

15  I.   **INTRODUCTION**

16       Following the death of their daughter, Angela Davenport

17  Ramirez ("Decedent"), Lisa Fidler and Rito H. Ramirez

18  ("Plaintiffs") brought this action against the San Mateo County

19  Sheriff's Office, Sheriff Don Horsley in his capacity as Sheriff,

20  the San Mateo County Women's Correctional Facility, and county

21  employees Lillian Johnson, Nomalee Tilman, Rosemary Taylor, Daren

22  Schofield, and Mahesh Mohan Khilnani ("Defendants").  In the

23  motion at hand, Defendants have moved for summary judgment.  For

24  the reasons stated below, the Court DENIES Defendants' motion.

25  II.  **BACKGROUND**

26       Decedent was booked into the San Mateo Correctional Facility

27  on March 6, 2003.  Complaint at 4.  On April 6, 2003, Decedent

28  committed suicide, allegedly owing to severe psychological

withdrawal symptoms resulting from a lack of access to doctor-prescribed medicine.  <u>Id</u>. at 5-6.  Plaintiffs allege that Defendants knew of Decedent's medical needs but failed to adequately respond.  <u>Id</u>. at 7.

Plaintiffs claim that Defendants violated 42 U.S.C. § 1983 by denying Decedent medical assistance and by failing to monitor Decedent's activities while in custody.  <u>Id</u>. at 4-8.  Defendants have moved for summary judgment on Plaintiffs' claim under Section 1983.  Defendants' Memorandum in Support of Motion for Summary Judgment at 24 ("Defs.' Mem.").

**III.  <u>LEGAL STANDARD</u>**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252-256 (1986).

**IV.  <u>DISCUSSION</u>**

Defendants make three contentions in their motion for summary judgment.  First, Defendants assert that they did not act with a "sufficiently culpable state of mind" to amount to deliberate indifference and therefore did not violate Section 1983 by depriving Decedent of her Eighth Amendment and due process rights.  Defs.' Mem. at 13-18.  Second, Defendants contend that qualified

2

immunity protects the individual Defendants from liability for the alleged violation of Decedent's civil rights. Id. at 18-22. Finally, Defendants contend that the County of San Mateo is not liable for the alleged civil rights violation because it had no unconstitutional policy or custom that led to Decedent's death. Id. at 22-24.

### A.   Deliberate Indifference

#### i.   Eighth Amendment

"To establish an Eighth Amendment violation, a prisoner must satisfy both the objective and subjective components of a two-part test." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation and internal quotation marks removed). First, "there must be a demonstration that the prison official deprived the prisoner of the minimal civilized measure of life's necessities." Id. Second, the plaintiff "must demonstrate that the prison official acted with deliberate indifference in doing so." Id.

It is deliberate indifference when a prison official "knows of and disregards an excessive risk to inmate health and safety." Id. (citation and quotation mark removed). "[T]he prison official must not only be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, but that person must also draw that inference." Id. (citation and quotation marks removed). If a prison official "should have been aware of the risk, but was not," then there has been no violation of the Eighth Amendment "no matter how severe the risk." Id. (citation and quotation marks removed).

It is a question of fact whether Defendants' knew of

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Decedent's allegedly fragile psychological state, or whether they could infer from their knowledge Decedent's alleged condition that that a substantial risk of serious harm existed.  Whether Defendants actually drew such an inference and failed to act accordingly is also a question of fact.

Accordingly, the Court denies the motion for summary judgment as to the Eighth Amendment claim.

ii.   Due Process

The state's interference with a parent's "fundamental liberty interest in the companionship and society of his or her child" is "remediable under 42 U.S.C. § 1983." Toguchi, 391 F.3d at 1060 (citation and quotation marks removed).

As with the previous claim, whether Defendants' alleged acts and omissions constitute state interference with Decedent's liberty interest is a question of fact.  Accordingly, the Court denies the motion for summary judgment as to the due process claim.

B.   Qualified Immunity

The threshold question is whether the "facts alleged show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 202 (2001).

The Court finds that it is unable to rule on this question until the complicated factual issue of whether correctional officers and medical staff has culpable states of mind are resolved at trial.

//

//

4

United States District Court
For the Northern District of California

C.   Liability of San Mateo County for the Alleged Civil
     Rights Violation

Defendants contend that the County of San Mateo cannot be held liable for the alleged civil rights violation because it has no unconstitutional custom or policy that led to the alleged violation. Defs.' Mem. at 22-23. Specifically, Defendants assert that their policies and procedures "have passed regulatory muster." Id. at 23. Decedent, Defendants contend, was properly admitted and treated according to their policies which afford inmates ample opportunity to express their needs and have them addressed. Id. Defendants also contend that Plaintiffs have not proven that Plaintiffs acted with a culpable state of mind. Id. at 22-24.

Plaintiffs contend that an unconstitutional policy existed and its implementation led to the violation of Decedent's rights. Specifically, Plaintiffs contend that "Defendant San Mateo maintained a policy or custom of deliberate indifference to the serious needs of Ms. Ramirez and their official custom or policy was the moving force behind a deprivation of Ms. Ramirez's rights." Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment at 10 ("Pls.' Mem."). Plaintiffs contend that the correction officers "failed to comply with the required state regulations and accepted correctional practices" and thereby caused Decedent's death. Id. at 18.

The U.S. Supreme Court requires a "plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's

5

injury."  Board of County Commissioners of Bryan County, Oklahoma
v. Brown, 520 U.S. 397, 404 (1994).  A plaintiff must also
demonstrate that the "municipal action was taken with the
requisite degree of culpability."  Id.

     The Court finds that there is a dispute as to the material
fact whether there was an unconstitutional policy or custom and
whether the action was taken with the requisite degree of
culpability.  Accordingly, the Court denies the motion for summary
judgment as to this claim.

**V.   CONCLUSION**

     The Court finds that the questions of whether Defendants
acted with deliberate indifference, whether Defendants are
entitled to qualified immunity, and whether the County of San
Mateo is liable for a constitutional violation cannot be decided
on a motion for summary judgment because they involve disputes
over material facts.

     For the foregoing reasons, the Court DENIES in its entirety
the motion for summary judgment.


     IT IS SO ORDERED.

     Dated: December 6, 2005


                              _____
                              UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

6